STATE EX REL. RILEY, APPELLANT, *v.* McCARTHY, RE-
SPONDENT.

(No. 6,009.)

(Submitted January 6, 1927.   Decided January 22, 1927.)

[253 Pac. 311.]

*Quo Warranto—City Treasurer—Official Bond—Surety's Re-
lease from Liability—Sufficiency of Reason for Request—
Failure to File New Bond Creates Vacancy.*

Cities and Towns—Official Bonds—Surety Seeking Release from Lia-
bility—Procedure—Failure to Furnish New Bond Creates Vacancy.
1.   Where the surety on a bond of a city officer, acting in pur-
suance of the provisions of sections 494–496, Revised Codes of
1921, requests release from liability thereon, the board or officer
authorized to approve such bond must, under section 497, declare
the office vacant unless the incumbent, within ten days after receipt
of notice of the request with the reasons therefor, furnishes a new
bond in the amount of the one sought to be canceled.

Same—Bond of City Treasurer—Release of Surety—What Deemed Suf-
ficient Reason for Release.
2.   In an action in *quo warranto* by a city treasurer whose office
had been declared vacant and the vacancy filled by the city council
because of the incumbent's failure to furnish a new bond within
ten days after notice of a request of a surety company to be re-
lieved from further liability on his original one, *held* that a demand
on the company by the city authorities to make good unauthorized
expenditures of city funds by the plaintiff was a sufficient reason
for the company's desire to escape possible future liability on his
bond.

[1]   Municipal Corporations, 28 Cyc., p. 439, n. 43 New.
[2]   Quo warranto, 34 Cyc., p. 1461, n. 95.

*Appeal from District Court, Silver Bow County; in the
Second Judicial District; Lyman H. Bennett, a Judge of the
Fifth District, presiding.*

ACTION in *quo warranto* by the State, on the relation of
Joseph E. Riley, against Thomas J. McCarthy, to try title to
the office of treasurer for the city of Butte.   From a judgment
for defendant, plaintiff appeals.   Affirmed.

*Messrs. Canning & Geagan,* for Appellant, submitted a brief; *Mr. P. E. Geagan* argued the cause orally.

*Mr. John T. Andrew, Mr. F. E. Blodgett* and *Mr. Timothy Nolan,* for Respondent, submitted a brief; *Mr. Nolan* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

*Quo warranto.* The facts, in so far as it is necessary to state them, are that relator was elected treasurer of the city of Butte for a term of two years commencing on the first Monday of May, 1925. By ordinance the city treasurer, before entering upon his office, is required to execute to the city a bond in the sum of $150,000. Relator furnished two bonds aggregating that sum, which met with the approval of the city council. One of these, in amount $90,000, was executed by the relator and the Federal Surety Company, referred to hereafter as the surety company.

On October 21, 1925, the surety company caused to be filed with the city council then in session and to be served upon each member, a verified statement in writing setting forth the desire of the surety company to be relieved from all liability on the bond afterward arising. The reasons assigned in the statement for desiring to be released were: First, that the surety company found it impossible to secure reinsurance upon the bond from other surety companies or otherwise, and that it is against the definite policy of the company to carry bonds of a large size without reinsurance. "It is the policy and custom of all surety companies to reinsure bonds of any consequence and size." Second, that on or about July 17, 1925, the city attorney and city clerk of the city of Butte, in behalf of the city, demanded of the surety company the sum of $2,219.04, upon the ground that the city treasurer had paid

out of the treasury of the city that amount of money without proper warrant or authority and in violation of section 5034, Revised Codes of 1921, which sum he had failed, neglected and refused to repay. These facts, said the surety company, indicated "incompetency and inefficiency on the part of the said Joseph E. Riley as said city treasurer and therefore the Federal Surety Company fears that it may suffer or sustain a loss by virtue of being a surety on said bond unless it is released." Third, the surety company had notified Mr. Riley in writing on or about the twenty-third day of July, 1925, of its desire to be released from the bond, saying to him in the notification that the bond had been delivered without the surety company's authorization, and requesting him to secure a new bond in lieu of the original; and he had failed, neglected and refused to furnish a substitute bond as required.

Concluding, the surety company alleged that it had "tendered and paid" to the city the amount of the unearned premium on the bond and a cashier's check for the amount, issued by a Butte bank, had been deposited with the city clerk for the city. On the same day a copy of the statement was served upon the relator.

On October 21, 1925, relator filed with the city council a document whereby he challenged the sufficiency of the statement and objected to its consideration by the council. The relator did not execute to the city any additional bond.

It will not serve any useful purpose to discuss the proceedings carried on by the city council from the time it received the statement until January 8, 1926. It is enough to say that upon the date last mentioned the council declared the office of city treasurer vacant and at the same time appointed the defendant to fill the vacancy. Thereafter the defendant qualified and upon the twelfth day of January took possession of the office and excluded the relator therefrom. Upon the next day the relator began this action to try title to the office. The defendant answered to the complaint, to which relator replied,

and defendant demurred to the reply. The court sustained the demurrer to the reply. By stipulation in open court it was agreed that there never had been any charge of malfeasance, misfeasance or nonfeasance preferred against the relator. The matter was then submitted to the court upon the pleadings and the court entered judgment in favor of defendant, whereupon the relator appealed.

In making its application for release from the bond the [1] surety company relied upon and followed sections 494, 495 and 496 of the Revised Codes of 1921, and the city council based its action upon these and section 497. The sections follow. (494.) "Any surety on the official bond of a city, town, township, county, or state officer, may be relieved from liabilities thereon afterwards accruing, by complying with the provisions of the three sections following." (495.) "Such surety may file with the judge, court, board, officer, or other person authorized by law to approve such official bond, a statement in writing setting forth the desire of the surety to be relieved from all liabilities thereon afterward arising, and the reasons therefor, which statement must be subscribed and verified by the affidavit of the party filing the same." (496.) "A copy of the statement must be served on the officer named in such official bond, and due return or affidavit of service made thereon as in other cases." (497.) "In ten days after the service of such notice, the judge, court, board, officer, or other person with whom the same is filed, must make an order declaring such office vacant and releasing such surety from all liability thereafter to arise on such official bond, and such office thereafter is in law vacant, and must be immediately filled by election or appointment, as provided for by law as in other cases of vacancy of such office, unless such officer has before that time given good and ample surety for the discharge of all his official duties as required originally."

While much is said in the brief of counsel for relator respecting the proceedings of the city council, in which he charges

there were gross irregularities, we disregard that feature of the case for the reason that if the surety company proceeded in accordance with the law, and the relator, before the expiration of ten days from the date the statement demanding release was filed with the city council, and the statement was served upon him, did not give good and ample security for the discharge of all his official duties as required originally, the council had no option but to declare his office vacant.

The main argument of counsel for relator is that the surety [2] company did not in its application for release give sufficient reasons to warrant its withdrawal from the bond. This argument is based upon the fact that there had not been any charges of malfeasance, misfeasance or nonfeasance preferred against the relator. We do not regard this argument as sound. We think that if any reason appeared which would have justified a prudent business man in withdrawing as surety, that reason would warrant the surety company in seeking to be released therefrom under the provisions of the statute. Regardless of the other grounds stated in the application for release, it appears that upon July 16, 1925, the city attorney and city clerk had demanded in writing that the surety company pay to the city the sum of $2,219.04, which they said the city treasurer had drawn out of the city's funds in violation of law and which he refused to return to the city treasury. A demand of that character would have excited the apprehensions of an individual surety, and we think he would have been justified in desiring to escape further liability as a surety. Certainly the same may be said of the surety company. If it were true that the treasurer had drawn over $2,200 from the city treasury without warrant of law which he refused to return when demand was made upon him by the city attorney and city clerk, it was reasonable to apprehend that he might do other like acts.

A controversy existed between the city clerk and city attorney upon the one side and the treasurer upon the other,

which imperiled the surety. Whatever were the merits of the controversy it was clear the treasurer was acting in defiance of the instructions of the legal adviser of the city. In this situation we cannot say the surety company did not have a valid reason for wishing to free itself from future liability upon its bond.

From the twenty-first day of October, 1925, until the eighth day of January, 1926, the city treasurer failed, neglected and refused to furnish further surety. It is argued that the city had a good and sufficient bond in the sum of $60,000 in any event, and therefore the relator's office should not have been declared vacant. But for all we know the city treasurer may have had in his possession all the while sums of money greatly in excess of $60,000, and the statute says that the office must be declared vacant unless such officer, before the expiration of ten days, gives good and ample surety "for the discharge of all of his official duties as required originally."

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.